IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

UNITED STATES OF AMERICA,

   *Plaintiff,*

vs.               Case No. 12-10230-EFM

SCOTT CARELSON EDWARDS,

   *Defendant.*

## MEMORANDUM AND ORDER

This matter comes before the Court on Defendant's Motion for Sentence Reduction under 18 U.S.C. § 3582(c)(1)(A) (Compassionate Release) (Doc. 60). He seeks early release from prison due to an underlying health condition that makes him more susceptible to contracting COVID-19 complications. The government opposes Defendant's motion. For the reasons stated in more detail below, the Court denies Defendant's motion.

### I.  Factual and Procedural Background

On February 12, 2013, Defendant pleaded guilty to possession with the intent to distribute methamphetamine in violation of 21 U.S.C. § 841 and § 841(b)(1)(A). On May 6, 2013, Defendant was sentenced to 200 months imprisonment. On January 27, 2015, Defendant's sentence was reduced to 163 months imprisonment. Defendant is 37 years old, and he is currently incarcerated

at McKean FCI.  There have been four positive COVID-19 cases in this facility.[1]  Defendant's projected release date is June 20, 2024.

On August 21, 2020, Defendant filed a motion seeking early release due to the risk of contracting COVID-19 in prison.  He states that his medical condition of hypertension makes him more susceptible to serious COVID-19 complications should he contract COVID-19 in prison.

District of Kansas Standing Order 19-1 appoints the Federal Public Defender ("FPD") to represent indigent defendants who may qualify to seek compassionate release under § 603 of the First Step Act.  Administrative Order 20-8 supplements 19-1 and sets forth procedures to address compassionate release motions brought on grounds related to the COVID-19 pandemic.  Under 20-8, the FPD has 15 days to notify the Court whether it intends to enter an appearance on behalf of any pro se individual filing a compassionate release motion based on COVID.  Here, the FPD notified the Court that it did not intend to enter an appearance to represent Defendant.

## II.     Legal Standard

 The First Step Act amended the compassionate release statute, 18 U.S.C. § 3582(c)(1)(A), to allow a defendant to file his own motion for release.[2]  It allows defendants to seek early release from prison provided certain conditions are met.  First, "a criminal defendant may file a motion for compassionate release only if: '(1) he has exhausted all administrative rights to appeal the [Bureau of Prisons' ("BOP")] failure to bring a motion on his behalf, or (2) 30 days have passed

---

[1] Federal Bureau of Prisons, *COVID-19 Coronavirus: COVID-19 Cases*, https://www.bop.gov/coronavirus/ (last visited October 5, 2020).  The Bureau of Prisons' website states that Defendant is incarcerated in McKean FCI. Defendant and the government state that Defendant is housed in FCI Loretto.  The COVID-19 statistics in Loretto are also low.  Fifty-seven inmates have tested positive, and 0 inmates are currently positive for COVID-19.  *Id.*

[2] *See* First Step Act of 2018, Pub. L. No. 115-391, 132 Stat. 5194 (2018).

since the warden of his facility received his request for the BOP to file a motion on his behalf.' "[3] The administrative exhaustion requirement is jurisdictional and cannot be waived.[4]

Next, if a defendant satisfies the exhaustion requirement, the Court may reduce the defendant's sentence, after considering the factors set forth in 18 U.S.C. § 3553(a) to the extent they are applicable, if the Court determines: (1) "extraordinary and compelling reasons warrant such a reduction;" or (2) "the defendant is at least 70 years of age, has served at least 30 years in prison, pursuant to a sentence imposed under section 3559(c) . . . and a determination has been made by the Director of the [BOP] that the defendant is not a danger to the safety of any other person or the community."[5] Finally, the Court must ensure that any reduction in the defendant's sentence under this statute is "consistent with applicable policy statements issued by the Sentencing Commission."[6]

---

[3] *United States v. Boyles*, 2020 WL 1819887, at *2 (D. Kan. 2020) (citing *United States v. Alam*, 2020 WL 1703881, at *2 (E.D. Mich. 2020)); *see also* 18 U.S.C. § 3582(c)(1)(A).

[4] *See United States v. Johnson*, 766 F. App'x 648, 650 (10th Cir. 2019) (holding that without an express statutory authorization, a court lacks jurisdiction to modify a sentence); *United States v. Read-Forbes*, --- F. Supp. 3d ---, 2020 WL 1888856, at *3–4 (D. Kan. 2020) (examining the text, context, and historical treatment of § 3582(c)'s subsections to determine that the exhaustion requirement is jurisdictional); *Boyles*, 2020 WL 1819887, at *2 (determining that exhaustion of administrative remedies is a prerequisite for the court's jurisdiction); *cf. United States v. Younger*, 2020 WL 3429490, at *3 (D. Kan. 2020) (reasoning that the Sixth Circuit's approach articulated in *United States v. Alam*, 960 F.3d 831 (6th Cir. 2020), is "highly persuasive," and concluding that § 3582(c)(1)(A)'s exhaustion requirement is a claims-processing rule).

[5] 18 U.S.C. § 3582(c)(1)(A)(i)-(ii).

[6] *Id.*; *see also Dillon v. United States*, 560 U.S. 817, 819 (2010) (holding that the Sentencing Commission's policy statement regarding 18 U.S.C. § 3582(c)(2) remains mandatory in the wake of *United States v. Booker*, 543 U.S. 220 (2005)).

### III.    Analysis

Defendant seeks early release based on his underlying medical condition of hypertension and the threat of contracting serious health complications from COVID-19 in prison. The government asserts that Defendant is not an appropriate candidate for early release.

**A.    Exhaustion**

Defendant has satisfied the exhaustion requirement described in § 3582(c). He states that he requested compassionate release from the Warden on July 6, 2020, and received a denial letter on August 5, 2020. The government admits that Defendant meets the exhaustion requirement in that Defendant requested release on July 6 but did not hear back from the Warden within 30 days. Because more than 30 days have passed since Defendant's request, the Court will consider Defendant's motion.

**B.    Extraordinary and Compelling Reasons**

Defendant next asserts that his medical condition of hypertension coupled with the outbreak of COVID-19 constitutes an extraordinary and compelling reason warranting a sentence reduction under § 3582(c)(1)(A). Although the Court is sympathetic to Defendant's concerns and recognizes that Defendant's risk of contracting COVID-19 complications may be slightly higher due to his underlying health condition of hypertension, he does not show a relatively high risk. Generalized concerns about COVID-19, even when the virus has spread within a correctional facility, do not create the type of extraordinary and compelling circumstances sufficient to justify compassionate release.[7]    Furthermore, the BOP has implemented procedures to control outbreaks

---

[7] *United States v. Dial,* 2020 WL 4933537, at *3 (D. Kan. 2020) (citing *United States v. Seymon,* 2020 WL 2468762, at *4 (C.D. Ill. May 13, 2020) ("The Court does not seek to minimize the risks that COVID-19 poses to inmates in the BOP," however, "the mere presence of COVID-19 in a particular prison cannot justify compassionate release – if it could, every inmate in that prison could obtain release.")).

which appears to be working in Defendant's facility as there is no widespread outbreak. Accordingly, because Defendant does not make any individualized showing about his increased vulnerability to contracting COVID-19 and having significant or severe health issues, he does not meet his burden in demonstrating extraordinary and compelling circumstances warranting compassionate release.

**IT IS THEREFORE ORDERED** that Defendant's Motion for Sentence Reduction under 18 U.S.C. § 3582(c)(1)(A) (Compassionate Release) (Doc. 60) is **DENIED**.

**IT IS SO ORDERED**.

Dated this 7th day of October, 2020.

ERIC F. MELGREN
UNITED STATES DISTRICT JUDGE